```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

BRITTANY BYERS & ROMAN FARRIS                                    PLAINTIFFS

VS.                                       CIVIL ACTION NO. 3:23-cv-71-DPJ-FKB

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY                    DEFENDANT

## NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company, by and through counsel, presents this Notice of Removal of the cause described below from the County Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and states as follows:

### I.   JURISDICTION AND VENUE

1.   This civil action was originally commenced by Plaintiffs in the County Court of the First Judicial District of Hinds County, Mississippi, against State Farm Mutual Automobile Insurance Company, and proceeded in that Court under cause number 22-2566. This action was not initially removable when it was filed, as the Plaintiffs' Complaint did not see a specified amount in damages and the coverage at issue is less than $75,000. But the matter

has subsequently become removable pursuant to 28 U.S.C. § 1446(b)(3) and is timely removed on that basis.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

3. This action is properly removed to this Court pursuant to 28 U.S.C. §§1332 and 1441, since the parties to this matter as to the claims against State Farm are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Complete diversity of citizenship exists between Plaintiffs and State Farm.

## III. PARTIES

5. According to the allegations of the Plaintiffs' Complaint, Plaintiffs, at the time of the filing of the Complaint, were adult resident citizens of Hinds County, Mississippi. (See Complaint, Exhibit "A", paragraphs 1 and 2).

6. Defendant State Farm Mutual Automobile Insurance Company is a corporation organized under and pursuant to the laws of the State of Illinois, and not Mississippi, and having its principal place of business in the State of Illinois.

## IV. AMOUNT IN CONTROVERSY

7.  The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint initially filed in this matter on September 8, 2022, did not demand a specific amount of damages. State Farm answered the Complaint and propounded requests for admission to the Plaintiffs regarding the damages sought. The Plaintiffs answered the requests for admission on December 28, 2022, and both admitted that the damages they seek exceed $75,000, and denied that their damages were less than $75,000. See Plaintiffs' responses to requests for admission attached hereto as Exhibit "B". *See McClain v. American International Recovery, Inc.*, 1 F.Supp.2d 628, 631-32 (S.D. Miss. 1998) (When the amount in controversy is not set forth in the Complaint, the "preferred approach" to ascertain the actual amount in controversy is to request that "the plaintiff admit through. . .a request for admission that his damages do not exceed $75,000.")

8.  The Plaintiffs' responses to Requests for Admissions are sufficient proof that the amount in controversy exceeds $75,000. *Easley v. Lowe's Homes Ctrs., Inc.*, 2007 WL 2127281 (N.D. Miss. July 23, 2007) ("It is now axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000".)

9. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, since it is a civil action between citizens of different states with the amount in controversy in excess of $75.000.00, exclusive of costs and interest, and this action is hereby timely removed to this Court pursuant to 28 U.S.C. § 1441.

### V.   CONCLUSION

10. A copy of all process, pleadings and orders previously filed in the County Court of the First Judicial District of Hinds County, Mississippi, are attached hereto as Exhibit "C" to this pleading.

11. Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being provided to the Clerk of the County Court of the First Judicial District of Hinds County, Mississippi, and written notice of the filing of this Notice of Removal is being given directly to all parties or through their counsel of record.

12. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the County Court of the First Judicial District of Hinds County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests

this Court to properly assume full jurisdiction over the Plaintiffs' claims against it.

This the 26th day of January, 2023.

Respectfully submitted,

**STATE FARM FIRE AND CASUALTY COMPANY**

BY: *[signature]*
MICHAEL F. MYERS (MSB #3712)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Fax: (601) 969-5120
mmyers@curriejohnson.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing to the following:

    Jarrod D. Mumford, Esquire
    736 N. Congress Street
    Jackson, MS 39202

THIS, the 26th day of January, 2023.

*[signature]*
MICHAEL F. MYERS