UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRITTANY BYERS & ROMAN FARRIS                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:23-CV-71-DPJ-FKB

STATE FARM INSURANCE COMPANY                                      DEFENDANT

ORDER

This lawsuit stemming from an automobile accident is before the Court on Plaintiffs'

motion to remand [2].  Defendant responded in opposition; Plaintiff declined to file a reply, and

the time to do so has passed.  The Court finds the motion to remand [2] should be denied.

I.      Facts and Procedural History

On March 28, 2021, Plaintiffs Brittany Byers and Roman Farris were involved in a car

accident, for which the driver of the other vehicle (Edward Hubbard) was responsible.  Byers and

Farris both suffered injuries and sued Hubbard in state court.  Mot. [2] at 1.  The case was settled

for the full policy limits of Hubbard's insurance and dismissed.  *Id.*  "Due to continued pain,"

Byers and Farris filed this second lawsuit, seeking to recover from Byers's uninsured motorist

policy with State Farm.  *Id.* at 1–2; *see* Compl. [1-1].

In that Complaint, Plaintiffs alleged "State Farm has intentionally and maliciously failed

and/or refused to honor its contractual obligations [to] Brittany Byers and minor Roman Ferris."

Compl. [1-1] at 3.  Plaintiffs acknowledged the State Farm policy "provided uninsured motorist

coverage to them in the amount of $25,000/person and $50,000/accident" but did not specify the

amount of damages sought.  *Id.* at 3; *see id.* at 4–5.  After receiving discovery responses

confirming that Plaintiffs were seeking more than the jurisdictional minimum, State Farm

removed the case to this Court, citing diversity jurisdiction.  Notice [1].

Plaintiffs seek remand, arguing the amount in controversy is below $75,000 and diversity of citizenship is not met.  Mot. [2].  Defendant responded, Plaintiffs declined to file a reply, and the Court considers the motion ready for consideration.

II.     Standard

State Farm premises jurisdiction on 28 U.S.C. § 1332, which provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000."  *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003).

Generally, the amount of damages sought in the petition controls, so long as the pleading was made in good faith.  *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  "When, as here, 'the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount."  *Lee v. Allstate Ins. Co.*, No. 3:18-CV-694-DPJ-FKB, 2019 WL 1549429, at *2 (S.D. Miss. Apr. 9, 2019) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

The removing party can meet this burden in one of two ways:  "(1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount."  *Guijarro*, 39 F.4th at 314 (5th Cir. 2022) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  "Under the second approach, the Court may consider summary-judgment-type evidence relevant to the

amount in controversy at the time of removal." *Lee*, 2019 WL 1549429, at *2. If State Farm carries its burden under either theory, then jurisdiction exists unless Plaintiffs prove to a legal certainty that the amount in controversy is less than $ 75,000. *Id.*; *see King v. Allstate Prop. & Cas. Ins. Co.*, No. 3:18-CV-672-HTW-LRA, 2021 WL 1202333, at *7 (S.D. Miss. Mar. 30, 2021) (same).

III.    Analysis

A.    Diversity of Citizenship

It is undisputed that Byers and Farris are resident citizens of Hinds County, Mississippi. Compl. [1-1] at 1. State Farm submits that it is a "corporation organized under and pursuant to the laws of the State of Illinois" and has "its principal place of business in the State of Illinois." Notice [1] at 2.[1] In their motion to remand, Plaintiffs state:

> Plaintiffs purchased their auto insurance policy within the State of Mississippi. [Their] insurance agent, Jackie Bland, is located within the jurisdiction limits of Jackson, Hinds County, Mississippi. State Farm regular[ly] advertises within the [S]tate of Mississippi. State Farm must have an expectation to be brought into state court for contract disputes or auto accidents. This matter is a contractually [sic] issue from a policy signed upon within Mississippi. The insurance agent, the policy holder, and the accident[] all fall within Hinds County.

Mot. [2] at 3.

To begin, Plaintiffs' insurance agent is not a party to this lawsuit. Second, Plaintiffs appear to confuse citizenship of a corporation relative to subject-matter jurisdiction and the exercise of personal jurisdiction over a nonresident defendant. *See Pitts v. Ford Motor Co.*, 127 F. Supp. 3d 676, 682 (S.D. Miss. 2015) (analyzing personal jurisdiction over a corporation).

---

[1] In their state-court Complaint, Plaintiffs do not identify the citizenship of State Farm, stating only that it can be served with process through the Commissioner of Insurance or its registered agent. Compl. [1-1] at 1.

In evaluating subject-matter jurisdiction, the citizenship of a corporation is determined with reference to the state of its incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). State Farm has represented that its state of incorporation and principal place of business is Illinois, and Plaintiffs have not advanced evidence to the contrary. Diversity of citizenship is satisfied.

B.     Amount in Controversy

As mentioned, Plaintiffs did not demand a specific amount of damages in their state-court Complaint. *See* Compl. [1-1] at 4–5. So, State Farm propounded requests for admissions to determine if Plaintiffs were seeking more than $75,000. *See McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (suggesting "the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000").

> 1. Admit that the total of all damages of every type sought by you in this action does not exceed $75,000, exclusive of interest, and costs.
>
> **RESPONSE NO. 1**: DENIED
>
> 2. Admit that you will not seek total damages from this Defendant in excess of $75,000, exclusive of interest and costs.
>
> **RESPONSE NO. 2**: DENIED
>
> 3. Admit that you contend that you are entitled to total damages from this Defendant in excess of $75,000, exclusive of interest and costs.
>
> **RESPONSE NO. 3**: ADMITTED
>
> 4. Admit that you intend to seek total damages from this Defendant in excess of $75,000, exclusive of interest and costs.
>
> **RESPONSE NO. 4**: ADMITTED

Pls.' Responses [1-2] at 1; *see McLain*, 1 F. Supp. 2d at 631 (noting that such a discovery response "will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied").

In their motion to remand, Plaintiffs insists "the maximal award for the Plaintiffs will be $50,000" because the policy at issue capped recovery at $50,000 per accident.  Mot. [2] at 2.  But Plaintiffs characterize the lawsuit as a "'Bad Faith' suit," *id.* at 2, and Plaintiffs specifically allege that State Farm "intentionally and maliciously failed and/or refused to honor its contractual obligations," Compl. [1-1] at 3.  A bad-faith claim arguably opens the door to punitive or extracontractual damages.  *See Davidson v. State Farm Fire & Cas. Co.*, 641 F. Supp. 503, 506 (N.D. Miss. 1986) ("[T]o prevail on a claim for either punitive or extracontractual compensatory damages, the plaintiff must show, in addition to the absence of any arguable reason, that the insurer acted with malice or reckless disregard for his rights.").  Moreover, State Farm offered to consent to remand if Plaintiffs agreed to dismiss any claims for extra-contractual damages and limit recovery to the policy limits.  Letter [3-1].  Plaintiffs did not respond to the offer, and Plaintiffs opted not to file a reply in support of their motion.

As such, the Court finds the amount in controversy is satisfied.  *See Easley v. Lowe's Home Centers, Inc.*, No. 1:06-CV-291-DD, 2007 WL 2127281, at *2 (N.D. Miss. July 23, 2007) ("It is now axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000 and that the federal diversity jurisdictional amount is therefore satisfied.").  Plaintiffs' motion to remand is denied.

IV.     Conclusion

The Court has considered all arguments raised; those not addressed would not have changed the outcome.  For the reasons stated, Plaintiffs' motion to remand [2] is denied.  The stay of this matter is lifted; the parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball to request a case-management conference.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE